UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Target Corporation, | Case Type: Contract |
| | Court File No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Carolina Sisters Wholesale LLC, | |
| Defendant. | |

Plaintiff Target Corporation ("Target"), by and for its Complaint against Defendant Carolina Sisters Wholesale LLC ("Carolina Sisters"), states and alleges as follows:

## INTRODUCTION

1. This breach-of-contract action arises out of agreements entered into by Target and Carolina Sisters, pursuant to which Carolina Sisters agreed to purchase salvage merchandise ("Assets") from Target. Carolina Sisters is in breach of the agreements because it has failed to pay Target for the Assets it received.

## PARTIES

2. Target Corporation is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

3. Upon information and belief, Carolina Sisters Wholesale LLC is a limited liability company with two members: Amber Nickell and Deidra Cribb.

4. Upon information and belief, Amber Nickell and Deidra Cribb are citizens of North Carolina.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between both parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in Minnesota.

7. In addition, the parties agreed that jurisdiction and venue are proper in this Court. The Purchaser Qualification Agreement ("PQA") governing this dispute provides that the "exclusive forum and venue for any legal action arising out of or related to this Agreement will be the United States District Court for the District of Minnesota, and the parties submit to the personal jurisdiction of that court." (PQA ¶ 29.)

## FACTUAL BACKGROUND

8. On August 27, 2020, Target and Carolina Sisters entered into the PQA.

9. The PQA provides that Target and Carolina Sisters may enter into subsequent Program Agreements. (PQA ¶ 1.1.)

10. On August 1, 2024, the parties entered into a DC Salvage Program Agreement for the term August 1, 2024 through July 31, 2025.

11. The DC Salvage Program Agreement incorporates the PQA. (DC Salvage Program Agreement at 1.)

12. On September 27, 2024, the parties entered into a Store Salvage Program Agreement for the term September 27, 2024 through July 31, 2025.

13. The Store Salvage Program Agreement incorporates the PQA. (Store Salvage Program Agreement at 1.) (Collectively, the PQA, DC Salvage Program Agreement, and the Store Salvage Program Agreement, are referred to as the "Agreements.")

14. Pursuant to the Agreements, Target provided the Assets to Carolina Sisters and provided load information reports regarding the Assets on a monthly basis.

15. Carolina Sisters was then required to "respond back to Target within 5 business days and include any errors or discrepancies between Target's report and [Carolina Sisters'] records." (Program Agreements Ex. A ¶¶ 6.1.)

16. If Carolina Sisters did not respond to Target's report within 5 business days, Carolina Sisters was "deemed to have accepted Target's information as accurate." (*Id.*)

17. After this "reconciliation" process, Target issued an invoice to Carolina Sisters. (*Id.*) Payment was due within 15 days of the invoice. (*Id.* at Ex. A ¶¶ 6.2.)

18. Pursuant to the Agreements, beginning in September 2024, Target provided Assets, provided load information reports regarding such assets, and issued monthly invoices to Carolina Sisters for such Assets.

19. Carolina Sisters paid Target's October 2024, November 2024, December 2024, January 2025, February 2025, March 2025, April 2025, and May 2025 Store Salvage and DC Salvage invoices.

20. Carolina Sisters has failed to pay Target's June 2025, July 2025, August 2025, and September 2025 Store Salvage and DC Salvage invoices. The total amount of unpaid past due invoices is $1,277,553.60.

21. The PQA provides that Carolina Sisters shall indemnify Target for its "reasonable attorneys' fees and expenses," "arising out of or otherwise relating to . . . [Carolina Sisters'] failure to perform as required by this Agreement." (PQA ¶ 17.1.)

## COUNT 1: BREACH OF CONTRACT

22. Target incorporates herein by reference the allegations contained in the preceding paragraphs of the Complaint.

23. The Agreements constitute binding and valid contracts between Target and Carolina Sisters.

24. Target fully performed its obligations under the terms of the Agreements.

25. Carolina Sisters failed to perform its obligations under the terms of the Agreements by failing to pay Target's June 2025, July 2025, August 2025, and September 2025 Store Salvage and DC Salvage invoices when due.

26. As a result of Carolina Sisters' failure to pay, Target has been damaged in the amount of $1,277,553.60, plus accrued interest, and its reasonable attorneys' fees and expenses incurred as a result of Carolina Sisters' breach of the Agreements.

## REQUEST FOR RELIEF

Wherefore, Plaintiff Target Corporation respectfully requests that the Court:

1. Enter judgment in favor of Target and against Carolina Sisters in the amount of $1,277,553.60, plus interest;

2. Award Target its reasonable attorney fees and expenses;

3. Enter an Order for any such other and further relief as the Court deems fair, just, and equitable.

| | |
|---|---|
| Dated: March 6, 2026 | *s/ Leah C. Janus* |
| | Leah C. Janus (#0337365) |
| | Natasha T. Robinson (#0399625) |
| | Zachary S. McFarland (#0402372) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 60 South Sixth Street |
| | Suite 1500 |
| | Minneapolis, MN  55402-4400 |
| | (612) 492-7000 |
| | ljanus@fredlaw.com |
| | nrobinson@fredlaw.com |
| | zmcfarland@fredlaw.com |
| | |
| | ***Counsel for Plaintiff Target Corporation*** |